PER CURIAM.
The Traffic Court Rules Committee of The Florida Bar (rules committee) has petitioned this Court to approve its quadrennial report of proposed changes to the Florida Rules of Practice and Procedure for Traffic Courts (Traffic Court Rules). We have jurisdiction pursuant to article V, section 2(a) of the Florida Constitution.
The rules committee proposes substantive amendments to rules 6.040, 6.110, 6.180, 6.360, 6.370, 6.470, and 6.630; deletion of rule 6.185; consolidation of rules 6.291, 6.292, and 6.293; and adoption of new rules 6.161 and 6.325. All other recommended changes are editorial. Pursuant to Florida Rule of Judicial Administration 2.130(c), the proposed amendments were submitted to The Board of Governors of The Florida Bar for its recommendation. The board unanimously recommended approval of the proposed amendments. The proposed changes were published for comment. Several comments were filed in opposition to rule 6.161. In addition, The Traffic Court Review Committee (review committee) of this Court filed a response to the rules committee’s petition. The review committee’s response proposed a technical amendment to rule 6.115 and included comments on rules 6.161 and 6.325.
The review committee recommends that subdivisions (d)(1) and (d)(3) of rule 6.115 be amended to reflect the 1992 amendment to section 25.387, Florida Statutes, which increased the assessment for the DUI Programs Coordination Trust Fund from six to ten dollars, effective July 1, 1992. See ch. 92-94, Laws of Fla. We approve the review committee’s proposed change.
In its report, the rules committee proposes the adoption of rule 6.161 which would permit either party, without court approval, to take a telephonic statement of any witness listed by the other party. The rules committee’s petition notes that “this rule has not been received well by the Criminal Procedure Rules Committee, the Criminal Law Section DUI and Traffic Subcommittees.” Comments from rules committee member Judge Walter Fullerton, the Criminal Procedure Rules Committee of The Florida Bar, and the review committee have expressed more vehement opposition to the proposed rule. Proposed rule 6.161 would permit telephonic depositions without court approval in misdemeanor criminal traffic cases. This is in direct conflict with Florida Rule of Criminal Procedure 3.220(h)(l)(iii) which provides that “[n]o deposition shall be taken in a case where the defendant is only charged with a misdemeanor or a criminal traffic offense when all other discovery provided by this rule has been complied with unless good cause can be shown to the trial court.” (Emphasis added.) The rules of criminal procedure, which apply to criminal traffic cases, clearly do not permit depositions in such cases without court approval. Furthermore, rule 6.161 constitutes a departure from Florida Rule of Criminal Procedure 3.220(h)(7) which permits telephonic statements by law enforcement officers in lieu of deposition, but only upon stipulation by the parties and the consent of the witness. Thus, we decline to adopt proposed rule 6.161.
*452 The rules committee also proposes the adoption of rule 6.325, a speedy trial rule for civil traffic infractions. Under the proposed rule, every defendant charged with a noncriminal traffic infraction must be brought to trial within 180 days of the infraction or the charge is subject to dismissal. According to the rules committee, such a time limit will address “the effect on an individual of outstanding pending civil traffic infractions for an unreasonable time.” The rules committee suggests that this rule ultimately will ease the backlog of pending cases and may also ease the daily burden upon county judges and traffic magistrates. We hereby adopt rule 6.325. However, because the review committee has expressed confusion as to how the rule will apply to infractions issued before the effective date of these rule changes, we include a schedule to clarify the application rule 6.325. Under this schedule, all civil traffic infractions pending on January 1, 1994, are governed by rule 6.325. The speedy trial in these pending cases shall be computed in the manner specified by subdivision (a). The 180 days shall run from the date the alleged infraction took place, and not from the effective date of the rule. The Court anticipates that the time between the publication of this opinion and the effective date of rule 6.325 will provide adequate opportunity for any backlog of cases to be eliminated.
We approve the remainder of the proposed changes. Appended is the text of the amended portions of the rules. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 1993, at 12:01 a.m. with the exception of rule 6.325 which becomes effective at 12:01 a.m. on January 1, 1994.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.
RULES OF PRACTICE AND PROCEDURE FOR TRAFFIC COURTS
I. SCOPE, PURPOSE, AND CONSTRUCTIONrAND TRANSITION
RULE 6.010. SCOPE
(a) Application. These Rrules govern practice and procedure in any traffic case and specifically apply to practice and procedure in Ccounty Ccourts, and, if applicable, to civil traffic infraction hearing officers appointed as traffic magistrates.
(b) Part III. The rules under Part III of these rules apply to all criminal traffic offenses not-subject to the provisions of Chapter 318, Florida Statutes, whether prosecuted in the name of the state or any subdivision of it.
(c) Part IV. The rules under Part IV of these rules apply only to traffic infractions governed by Chapter 318, Florida Statutes, adjudicated in a court of the state, whether by a county court judge or civil traffic infraction hearing officer appointed as a traffic magistrate.
Committee CommentsNotes
1990 Amendment;. The statutory authorization of civil traffic infraction hearing officers by Cchapter 89-337, Laws of Florida, necessitates reference to such hearing officers (statutorily referred to interchangeably as magistrates) in the traffic court rules. Reference in the proposed rule to traffic magistrate rather than merely magistrate is designed to distinguish the former from other magistrates,^ especially in relation to the applicability of the Code of Judicial Conduct (see section of code entitled “Compliance with the Code of Judicial Conduct”), thereby avoiding the possibility of conflict with authorizing statute.
1992 Amendment. Because traffic violations are contained in several chapters of Florida Statutes, references to chapter 318 have been deleted to eliminate latent inconsistencies.
*453 II. GENERAL PROVISIONS
RULE 6.040. DEFINITIONS
The following terms shall have the meaning respectively-ascribed to themdefinitions apply:
(a) “Court” means any county court to which these rules apply and the judge thereof or any civil traffic hearing officer program and the traffic magistrate thereof.
(⅛) “Charging document” means any information, uniform traffic citation, complaint affidavit, or any other manner of charging a criminal traffic offense under law.
(c) “Judge” means any judicial officer elected or appointed by the ©governor authorized by law to preside over a court to which these rules apply.
(d) “Law” includes the constitutions of the United StatesT and the State of Florida, statutes, ordinances, judicial decisions^ and these rules.
(e) “Oath” includes affirmations.
(f) “Clerk” means clerk of the initiating court or trial court.
(g) “Open Ccourt” shall — means in a courtroom as provided or judge’s or traffic magistrate’s chambers of suitable judicial decorum.
(h) “Prosecutor” means any attorney who represents a state, county, city, town2 or village in the prosecution of a defendant for the violation of a statute or ordinance.
(i) “Criminal Ttraffic ©offense” means a violation of a statute-or-ordinance governing traffic not subject to the provisions of Chapter 318, — Florida Statutes, that may subject a defendant upon conviction to incarceration, within the jurisdiction of a court to which these rules apply.
(j) “Review ©committee” means the committee appointed by the Ssupreme Ccourt to study and consider the application and administration of these rules for traffic courts in Florida and whichthat shall make recommendations to the Ssu-preme Ccourt for changes in saidthese rules.
(k) “Warrant” includes capias.
(l) “Infraction” means a noncriminal traffic violation whichthat is not punishable by incarceration and for which there is no right to a trial by jury or a right to court-appointed counsel.
(m) “Official” means any state judge or traffic magistrate authorized by law to preside over a court or at a hearing adjudicating traffic infractions.
(n) “Department” shall means the Department of Highway Safety and Motor Vehicles, defined in section 20.24, Florida Statutes, or the appropriate division thereof.
jo) “Officer” means any enforcement officer charged with and acting under authority to arrest or cite persons suspected or known to be violating the statutes or ordinances regulating the operation of equipment or vehiclesT or the regulation of traffic.
(p) “Infraction Rrequiring a Mmandato-ry Shearing” refers to an infraction listed in section 318.19, Florida Statutes, which requires an appearance before a designated official at the time and location of the scheduled hearing.
(q) “Traffic Mmagistrate” shall — means an official appointed under the civil traffic infraction hearing officer system who shall have the power to adjudicate civil traffic infractions subject to certain exceptions.
Committee CommentsNotes
The department is unable to supply-the information necessary to enforce-the-provisions of section 318rl9(2)~of Florida Statutes, at this time. — This-pr-ovision should therefore be ignored until further notice,-
1990 Amendment}. In order to accommodate both the court and hearing officer program as alternative sources for the adjudication of civil infractions, the definition of court has been expanded. The term judge has been redefined to limit its reference to only county court judges and the reference to official has been expanded to include the traffic magistrate. In addition, a separate definition for traffic magistrate has been added.
1992 Amendment. Defines charging document and more precisely defines criminal traffic offense.
*454 RULE 6.110. DRIVER IMPROVEMENT, STUDENT TRAFFIC SAFETY COUNCIL, AND SUBSTANCE ABUSE EDUCATION COURSES
(a) Designation of School. In those ar-are ordered or are allowed to elect to attend a driver improvement school or student traffic safety council school, or are sentenced to a substance abuse education course, the chief judge of the circuit shall issue an administrative order designating the schools teat which attendance is required. No substance abuse education course shall be approved by the chief judges until approval is first granted by the DUI Programs Director or the Traffic Court Review Committee. For persons ordered to attend driver improvement schools, those schools approved by the department shall be considered approved for purposes of this rule.
(b) Petition for Approval. Any school-program not designated by the chief judge may seek approval by petition to the Traffic Court Review Committee.
(c) Inspection and Supervision. Any sehoolsprograms designated to serve an area of the state are subject to the inspection and supervision of the DUI Programs Director or the Traffic Court Review Committee.
(d) Out-of-State Residents. However-^ an — ©Out-of-state residents sentenced to such a driver improvement school course or substance abuse program may elect to complete a substantially similar program or school in his their home state, province, or country.
Committee GommentsNotes
1988 Amendment:. The reason for the change was to bring Subsectionsubdivision (a) into conformity with the statutory language in Ssection 322.282, Florida Statutes, which states “substance abuse education course” rather than a “DWI Counter Attack School.”
SubsectionSubdivision (d) is new and was designed to allow compliance with Ssection 316.193(5), Florida Statutes, wherewhen the person did not reside in the State of Florida,-and was in Florida for only a short, temporary stay, thatand attendance at a substance abuse course in Florida would constitute a hardship. Section 316.193(5) requires only that the substance abuse course be “specified by the court.”
1990 Amendment:. The offense of Driving While Intoxicated was abolished by statute, thereby making reference to DWI inappropriate. The title of the person coordinating Substance Abuse Education Courses has been changed from that of Schools Coordinator to that of Programs Director.
RULE 6.115. DUI PROGRAM COORDINATION TRUST FUND
(1)(a) Monthly Assessments. Each DUI Pprogram approved by the DUI Programs Director is required to remit monthly the assessments collected pursuant to Ssection 25.387, Florida Statutes, to the DUI Programs Director of the Ssupreme Ccourt on a form provided by the Ssupreme Ccourt.
(2)(b) Records and Accounts. Each certified DUI Pprogram shall cause records and accounts to be kept in accordance with procedures prescribed by the Ssupreme Ccourt. Such records and accounts will be subject to audit by the designated representative of the Ssupreme Ccourt.
(3)(c) Collection of Trust Fund. Each DUI Pprogram shall collect the trust fund in accordance with the plan attached hereto.
(d) Plan for Implementation of DUI Programs Coordination Trust Fund. Pursuant to Ssection 25.387, Florida Statutes, the Ssupreme Ccourt hereby adopts the following plan for the implementation of the DUI Programs Coordination Trust Fund.
(1) All DUI Pprograms in the «State of Florida shall assess six dollars $10 against every individual enrolling in a DUI course at the time of the enrollment, including those who transfer to or from a program in another state. Federal military employees, their dependents* and retired military personnel who attend a federal military DUI program shall be subject to the assessment. In addition, effective October 1, *455 1986, second and third offenders evaluated for eligibility for restricted licenses pursuant to section 322.271(2)(b), Florida Statutes, shall be assessed six-dollars $10 upon enrollment in the program and upon each subsequent anniversary date of such enrollment for the duration of the restricted license period. For administrative conve-nience2 the DUI program may establish an annual remittance date for submission of the assessment fee seas long as neither the DUI Trust Fund Commission collections nor the client is detrimentally affected.
(2) In no case shall the assessment be waived.
(3) Each program shall remit on a monthly basis the assessment collected. The monthly remittance shall be received by the Ssupreme Ccourt within 30 days following the last day of the month in which the assessment was collected. The remittance shall be in the form of a check or money order payable to the State of Florida and be sent with a form entitled “DUI Programs Coordination Trust Fund-Remittance of $6,0010 Additional Assessment.” This form shall be subject to the approval of the DUI Program Trust Fund Commission.
(4) Each DUI Pprogram shall cause records and accounts to be kept whichthat show the collection of each assessment and whichthat will be subject to audit by the Ssupreme Ccourt. The records of the assessments shall be in a form specified by the Ssupreme Ccourt. This form shall be subject to the approval of the DUI Program Trust Fund Commission.
(5) Each program shall be responsible for all costs, if any, incurred through compliance with the requirements of the fund.
(6) Each DUI Pprogram may request an increase in the fee charged for enrollment in the DUI course to cover the assessment. The DUI Programs Coordination Office shall determine whether a change in the fee is appropriate.
(7) Monies collected by the fund shall be used by the DUI Programs Coordination Office to pay for staff salaries, travel^ and other expenses related to the functioning of the office. The fund also will also be used to pay for programs in which the Ddirector’s office engages, including^ but not limited to2 interstate reciprocity, training, certification, monitoring2 and technical assistance. The Ssupreme Gcourt may assess the fund for reasonable costs for the administration of the fund.
(8)The DUI Program Trust Fund Commission shall be the administrator of the fund.
Committee CommeHtsNotes
1988 Amendments. The offense of driving while intoxicated was abolished by statute, thereby making references to DWI Sschools inappropriate; title of position coordinating such program has similarly been changed.
The forms (Appendixes A and B) have been removed from the rules sineebecause their possibly frequent need for amendments does not seem to be of sufficient importance to invoke the amendatory rule process of the Gcourt. Under the proposed amendment any changes could be made by the Gcourt-appointed Trust Fund Commission.
The function of administering the trust fund is also placed with the Trust Fund Commission.
1990 Amendment;. Present wording of this Rrule has created considerable accounting inconvenience to Florida’s DUI/Substance Abuse Schools due to the hundreds of varied anniversary dates that result from the intake of thousands of defendants applying for reinstatement of driving privileges under Florida’s Multiple Offender DUI Relicensing Law. The proposed Rrule would provide for a more convenient and economical annual remittance date for submission of assessment fees to the DUI Trust Commission.
RULE 6.130. CASE CONSOLIDATION
Where When a per-sondefendant is cited for the commission of both a criminal and a civil traffic violation^ or both a civil traffic infraction requiring a mandatory hearing and a civil traffic infraction not requiring a hearing2 the cases may be heard simulta *456 neously if they arose out of the same set of facts.
However, in no case shall a traffic magistrate hear a criminal traffic case or a case involving a civil traffic infraction issued in conjunction with a criminal traffic offense.
Under any of these circumstances the civil traffic infraction shall be treated as continued for the purpose of reporting to the ~department. Prior to the date of the scheduled hearing or trial, an alleged of fendera defendant may dispose of any non-mandatorynonmandatory civil traffic infraction in the manner provided by these rules and section 318.14, Florida Statutes.
Committee CommentsNotes
1990 Amendmenb. The rule on case consolidation is proposed to be amended to include language from Cehapter 89-337, Laws of Florida, which prohibits traffic magistrates from hearing civil infractions arising out of same facts as criminal traffic offenses.
RULE 6.150. WITNESSES
(a) Procedure. The procedure prescribed by law in civil and criminal cases concerning the attendance and testimony of witnesses, the administration of oaths and affirmations~ and proceedings to enforce the remedies and protect the rights of the parties shall govern traffic cases ~as far as they are applicable unless provided otherwise by these rules or by the law. Payment of witness fees and costs of serving witnesses in civil traffic cases shall be made in the same manner asin a criminal traffic case.
(b) Use of Affidavits. An alleged of fenderA defendant in a civil infraction case may offer evidence of other witnesses through use of one or more affidavits. SaidThe affidavits shall be considered by the court only as to the facts therein whichthat are based on the personal knowledge and observation of the affiant as to relevant material facts. However, suchthe affidavits shall not be admissible for the purpose of establishing character or reputation.
IlL CRIMINAL OFFENSES
RULE 6.160. PRACTICE AS IN CRIMINAL RULES
Except as-hereinafter provided, the Flori-daRules of Criminal Procedure shall gov-em this part. A persondefendant shall be considered "taken into custody" for the purpose of Rrule 3.191 when hethe defendant is arrested, or when a traffic citation, notice to appear, summons, information, or indictment is served upon him on the defendant in lieu of arrest,
Committee CommentsNotes
1988 Amendments. The purpose of the change was to make clear that both pre trialpretrial as well asand trial procedures, under this part, wasare governed by the Florida Rules of Criminal Procedure, unless there wasis\ a conflict. The previous rule had only applied to "trial"-and the Ccommittee felt that pre-trialpretrial and post-trial procedures should also apply.
RULE 6.165. COMPLAINT; SUMMONS; FORM; USE
(a) Uniform Traffic Citation. All prosecutions for criminal traffic offenses by law enforcement officers shall be by uniform traffic citation as provided for in section 316.650, Florida Statutes, or other applicable statutes, or by affidavit, informa-tionL or indictment as provided for in the Florida Rules of Criminal Procedure. If prosecution is by affidavit, information, or indictment, a uniform traffic citation shall be prepared by the arresting officer at the direction of the prosecutor or, in the absence of the arresting officer, by the prosecutor, and submitted to the Ddepartment of Highway Safety and Motor Vehicles.
(b) Amendment of Citation. The court may allow the prosecutor to amend in open court a traffic citation alleging a criminal traffic offense to state a different traffic offense. No new traffic citation need be issued by the arresting officer. The court shall grant additional time to the defendant for the purpose of preparing hisa defense if the amendment has prejudiced the defendant.
*457 Committee CommentBNotes
1988 Amendment:. It was felt that due process required the court to grant a continuance to the defendant as a matter of right, if the amendment prejudiced the defendant. The Ccommittee felt that this should be mandatory and not discretionary.
RULE 6.180. SENTENCING REPEAT OFFENDERS IN-DUI CASES
(a) Defendant’s Rights. A defendant alleged to have a prior conviction for a criminal traffic offense within the meaning-of Section 316.193, — Florida Statutes, shall have a right to remain silentsilenee concerning any prior conviction at the time of plea or sentence.
(b) Proof of Prior Convictions. If suehthe right to remain silent is invoked by the defendant, the Sstate shall have a reasonable time, if requested, to determine if any prior convictions exist. If the Sstate is unable to prove any prior convictions, then the defendant shall be treated as if no prior convictions exist.
(c) Suspension by Department. This provision shall not prevent the Bdepartment-of Motor Vehicles from suspending a defendant’s driving privilege for a longer period than the court has entered if a prior record is discovered by the department.
Committee CommentsNotes
1988 Adoption:. Rule 6.180 is new and is designed to codify existing procedures in DUI cases. The rule sets forth what has become known as a “Meehan Bplea.” Meehan v. State, 397 So.2d 1214 (Fla. 2d DCA 1981).
1992 Amendment. Makes a “Meehan plea” applicable to all criminal traffic offenses.
RULE 6.183. PEREMPTORY CHALLENGES
In every jury trial in which a defendant is charged with a violation of Ssection 316.-193, Florida Statutes, each party shall have threeg peremptory challenges, but the trial court, in the interest of justice, may-in its discretion may permit additional challenges.
Committee CommentsNotes
1988 Adoption:. This rule was initially drafted to allow six6 peremptory challenges per side in all DUI trials on the basis that the penalties in a DUI were normally more severe than most third;degree felonies, that the trial was as complicated as any second:degree felony, and that it was also subject to extreme jury prejudice due to “media blitz” publicity and the pressures from citizen action groups, as well as the numbers of prospective jurors who were non-drinkersnondrinkers or had religious reasons against drinking. The proposed rule met with strong opposition from the Ccommittee as drafted, with an almost even split vote. An amendment was proposed, which is the above rule as written, which satisfied all members of the Ccommittee, as it was recognized that the outlined problems existed, and the Ccom-mittee felt that a rule was needed to affirmatively show that additional peremptories should be freely granted by the Ccourt when the need arises.
RULE-6.185 IMPLIED— CONSENT HEARINGS
(a) Procedures. — In all hearings arising under Section 322.261, Florida Statutes, the following procedure shall be followed:
(1) A hearing shall be scheduled within 20 days of fee-filing of the petition-w-ith the court.
(2) The court may grant a State or court continuance of any-hearing on the request of either party for good cause -shown. The granting of a State or court-continuance shall not cause the suspension of-a-petitioner-s driving-privileges.
(3) Proceedings under this rule shall be governed by the provisions of-the Florida Evidence Code^-except that otherwise inadmissible hearsay-shall be permitted to establish — compliance—with—Section—32⅛-261(3)(a), Florida Statutes.
(b) Limited- Discovery for Implied Consent Hearings. — In- all hearings arising under Section 322.261, Florida Statutes, a defendant mayj- at the time the petition is filed, also demand in writing from- the state attorney, limited discovery concerning the hearing, — Upon- such request, the State *458 shall provide the defendant with a copy-of the arrest report-or- probable cause affidavit of the arresting officer and shall make-a copy of any video tape in the cause available for viewing-by the petitioner and his attorney- no less than two business days prior to the hearings A failure of the State to so provide limited discovery shall require the court to grant-a-court or State continuance of the hearing if the petitioner — so moveSr
(c) This Rule shall not apply to any-refusals to submit to-chemical testing-ocear-ring on or after October 1, 1990»
Committee Comments
1988 Adoption; Rule 6.185 is new and was unanimously passed by the Committee as- needed to define the procedures to be used in “Implied-Consent” hearings. — Section (a)(2) was inserted to recognize that due process considerations sometimes-mandated continuances to be charged against the State or taken-by the Court. — This-is already the practice followed in many courts, — Section (a)(3) was changed-several times before receiving unanimous approval in its presently-drafted form, The Committee wanted-to — make clear-that although hearsay-exceptions are admissible -under the Florida Evidence Code, that all-hearsay, even hearsay that-does not fall within the exceptions, should be admissible to establish reasonable cause as to the defendant being the driver-r-since many arrests take place at-the scene of an accident where-all drivers are outside-of their vehicles-and-the officer must rely on the statements of witnesses for all -details and identifications; and other stops are made by a “fellow officer’’-who turns- it over to another-officer for the final -ar-rest.
1990 Amendment; Enactment of Section 322.2615 (Fla.Stat.1989) provided for -Implied-Consent Hearings to be conducted-hy the Department.of- Highway Safety — and Motor Vehicles,-Bureau of Driver Improvement, — Enactment-of this statute-removed jurisdiction from the county courts thereby making the provisions of present Rule 6,185 inapplicable — to practice in Traffic Court subsequent-to October-l-r-1996,
RULE 6.290. WITHHOLDING ADJUDICATION PROHIBITED* — WHEN
Pursuant to the — provisions-of—section 316.656, Florida Statutes, no court shall suspend, defer, or withhold adjudication of guilt or the imposition of sentence for the offense of driving or being in actual physical control of a motor vehicleT while having an unlawful blood alcohol level or while under the influence of alcoholic beverages, any chemical substance set forth in section 877.111, Florida Statutes, or any substance controlled by Cchapter 893, Florida Statutes.
Committee CommentsNotes
1988 Amendment:. ParagraphSubdivision (b) was eliminated by the Ccommittee as there is no “lesser offense” for a DUI. Moreover, the enhanced penalty under RSrSection 316.193(4), Florida Statutes, for a blood alcohol level of .20 or above has inherently changed the entire previous meaning of the eliminated subsectionsubdi-vision. The new enhanced penalty portion of the statute creates a “lesser offense” to the “enhancement” — but not to the DUI.
RULE 6.291. WITHHELD ADJUDICATION;-MISDEMEANORS;-COSTS AND — ASSESSMENTSPROCEDURES ON WITHHELD ADJUDICATION IN DRIVING WHILE LICENSE SUSPENDED; COSTS AND ENLARGEMENT OF TIME TO COMPLY; RECORD OF CONVICTIONS
(a) Costs. When a defendant charged with a criminal offense elects to exercise the option of receiving a withheld adjudica-tion under the provisions of section 318.-14(10), Florida Statutes, law enforcement education assessments under section 943.-25, Florida Statutes, and victims:of;crimes compensation costs and surcharges pursuant to sections 960.20 and 960.25, Florida Statutes, shall be assessed, in addition to the court costs assessed by section 318.-14(10)t, Florida Statutes.
(b) Additional Costs. In addition to any other allowable costs, additional court costs of up to five do!lars$5 may be assessed, if authorized by administrative order of the chief judge of the circuit, be assessed.
*459 (c) Time to Comply. When a defendant elects to exercise the option of receiving a withheld adjudication pursuant to section 318.14(10), Florida Statutes, the clerk shall allow the defendant such additional time as may be reasonably necessary, not exceeding 60 days, to fulfill statutory requirements. If the defendant has not been able to comply with the statutory requirements within 60 days, the court, for good cause shown, may extend the time necessary for the defendant to comply.
(d) Convictions. Elections under section 318.14(10), Florida Statutes, when adjudication is withheld, shall not constitute convictions as that term is used in chapter 322, Florida Statutes.
Committee CommentsNotes
1990 Amendments. Fla.Stat. {(Section 27.3455(1), Florida Statutes, was amended to provide that any person who pleads nolo contendere to a misdemeanor or criminal traffic offense under ^section 318.14(10)(a) shall be assessed costs of $504)0 for the local government criminal justice trust fund. This enactment requires the deletion of the previously existing Rrule provision whiehthat prohibited an assessment of costs for the local government criminal justice trust fund.
1992 Amendment. This rule consolidates rules 6.291, 6.292, and 6.293. It also sets a limit on the amount of time a clerk can allow a defendant to process an administrative withheld adjudication through the clerk, without leave of court.
RULE 6.292 ENLARGEMENT OF TIME
When an alleged offender elects to exercise-the- option of receiving a withheld adjudication pursuant to the provisions of section 318,14(40)r-Fiorida- Statutes, the-clerk may allow the offender such additional time as may be reasonably necessary to fulfill the-statutory requirements.
RULE 6.293 — CONVICTION OF — SELECTED-MISDEMEANORS
Elections under section 318,14(10), Florida Statutes) where adjudication is withheld, shall not constitute convictions as that term is used in- Chapter 322, Florida Statutes,
RULE 6.325. SPEEDY TRIAL: INFRACTIONS ONLY
(a) General Rule. Except as otherwise provided in this rule, every defendant charged with a noncriminal traffic infraction shall be brought to trial within 180 days of the date the alleged infraction took place. If trial is not commenced within 180 days, the defendant shall be entitled to dismissal of the infraction charge.
(⅛) Effect of Delay or Continuances. If the trial of the defendant is not commenced within the 180-day requirement established by this rule, a motion for dismissal shall be granted by the court unless it is shown that
(1) failure to hold trial was attributable to the defendant, or the defendant’s counsel, or
(2) the defendant was unavailable for trial.
If the court finds that dismissal is not appropriate for the reasons listed in this subdivision, the motion for dismissal shall be denied.
(c) Application of Rule. This rule shall not apply to any infraction that is a part of a single episode or occurrence, which is attached to, consolidated with, or associated with a criminal traffic offense.
(d) Schedule. This rule shall be effective and govern the trial dates of all noncriminal traffic infractions pending at 12:01 a.m. on January 1, 1994, or occurring after that time. All time computations under this rule shall run from the date the alleged infraction took place, as provided in subdivision (a).
Committee Notes
1992 Adoption. This rule establishes a speedy trial rule for traffic infractions and provides for automatic dismissal upon motion after the expiration of 180 days.
RULE 6.330. ELECTION TO ATTEND TRAFFIC SCHOOL
(a) Attendance at School. Unless a mandatory hearing is required, or the alleged offenderdefendant appears at a hearing before an official, an-alleged offender-defendant may elect to attend a driver improvement school pursuant to the- -provi *460 sions -of-section-3-18.14(9)t ■ Florida Statutes, within -30-days of-receiving-thea citation. Attendance at a driver improvement school in this manner shall not operate to waive the - law-enforcement education.assessments under section 943,25) Florida Statutes, Any-alleged offenderdefender- electing to attend driver improvement school tinder — section—3-l-8rl4(9)t Florida Statutes) will-receive-a-withheld-adjudication and not be assessed pointer
(b) Location of School. An of fender A defendant who is sentenced to or elects to attend a driver improvement school shall have the right to attend an approved school in the location of faisthe defendant’s choice.
RULE 6.340. RULE ON ADMISSION THAT TRAFFIC INFRACTION WAS COMMITTED; AFFIDAVIT OF DEFENSE
(a) Acceptance of Admission. If any persondefendant admits that a traffic infraction was committed, the official shall set the civil penalty and enter judgment accordingly and for this purpose may hear evidence on the nature of the case, and aAfter the hearing the official has the discretion tomay refuse to accept the admis-sion in his discretion.
(b) Appearance in Court. No admission shall be received by the court other than by appearance of the of-f-enderdefendant or the offender’sdefendant’s attorney in open court or as heroin provided in these rules or by statutory.lawstatute. The acceptance by a court of a signed admission or waiver of trial, contrary to the provisions of these rules or statutory law is forbidden.
(c) Affidavit of Defense.
(1) Any persondefendant charged with the commission of a traffic infraction who is not a resident of or domiciled in the county where the alleged infraction took place may file a written statement setting forth facts justifying the filing of an affidavit of defense or file an affidavit of defense directly if practicable upon posting a reasonable bond set by the official.
(2) Any- -persondefendant charged with the commission of a traffic infraction who is a resident of or domiciled in the county where the alleged infraction took place, if unable to appear because of an extended illness or extended absence from the county, may file a written statement setting forth facts justifying the filing of an affidavit of defense or file an affidavit of defense directly if practicable upon posting a reasonable bond set by the official.
(3) If a written statement of facts is filed and¿ in the opinion of the official, it affirmatively appears from these facts that the interests of justice will best be served by allowing the alleged offenderdefendant to file an affidavit of defense, suchthe affidavit, upon the posting of a reasonable cash appearance bond set by the official, may be filed with the clerk of the court or the traffic violations bureau.
(4) Any suchAn affidavit shall be sworn to before a notary public, deputy clerk¿ or clerk. Upon acceptance of an affidavit by an official it shall be accepted as an appearance. SuchAn affidavits shall be accepted wherewhen a mandatory hearing is required to either deny or admit the commission of the infraction or as an appearance denying the commission of the infraction wherewhen no mandatory hearing is required. SuchThe affidavit shall be considered in evidence by the official presiding at the time when suchthe case is scheduled for hearing and the case may be adjudicated upon evidence offered in support of the complaint and suchthe affidavit.
Committee CommentsNotes
1974 Amendment. The following is a recommended form to be used as an affidavit of defense. Information as to who may file such an affidavit and any other pertinent information may be provided on the back of the form.
*461 [[Image here]]
NOTE: This Aaffidavit will be presented to the presiding ©official together with the complaint against you, on the date noted on your copy of the complaint or as soon thereafter as possible. You will be advised by mail of the result, and will, at that time, receive from the ©court a check covering the balance of your bond, after deduction of penalty, if any is imposed. The ©judges of this ©court reserve the right to compel personal appearance as may be determined by the gravity or seriousness of the offense charged.
1988 Amendment;. In order to provide for uniform application of the affidavit of defense procedure throughout the state, the proposed amendment would require the *462 clerk to accept such affidavits (under the appropriate circumstances) rather than placing the question of acceptance within the discretion of the clerk.
RULE 6.350. COMPUTATION OF TIME
In computing any period of time prescribed or allowed by these rules, by order of an official, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is Saturday, Sunday, or ajegal holiday, in which event the period shall run until the end of athe next day whiehthat is neither a Saturday, Sunday, nor a legal holiday. When the period of time prescribed or allowed shall-beis less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.
RULE 6.360. ENLARGEMENT OF TIME
(a) Procedure. When by these rules or by a notice given thereunder or by order of an official an act is required, or allowed to be done at or within a specified time, the official for good cause shown-may, at any time, in faisthe official’s discretion may
(1) order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or
(2) upon motion made after the expiration of the specified period, permit the act to be done when the failure to act was the result of excusable neglect;, but it may not, However, except as provided by statute or elsewhere in these rules, the official may not extend the time for making a motion for a new hearing, or for taking an appeal.
(b) Withheld Adjudications. When an alleged offendera defendant elects to exercise the option of receiving a withheld adjudication pursuant to the provisions of section 318.14(9) or (10), Florida Statutes, the clerk mayshall allow the offenderdefendant such additional time, not exceeding 60 days, as may be reasonably necessary to fulfill the statutory requirements. If the defendant has not been able to comply with the statutory requirements within 60 days, the court, for good cause shown, may extend the time necessary for the defendant to comply.
RULE 6.370. ADDITIONAL TIME AFTER SERVICE BY MAIL
Whenever an-alleged — traffic offendera defendant has a right or is required to do some act or take some proceedings within a prescribed period after service of a notice or other paper and the notice or paper is served by mail, 35 days shall be added to the prescribed period.
Committee Notes
1992 Amendment. A change from 3 to 5 additional days allowed for mailing, as allowed by Florida Rule of Civil Procedure 1.190(e).
RULE 6.380. NONVERIFICATION OF PLEADINGS
Except when otherwise specifically provided by these rules or an applicable statute, every written pleading or other paper of an-alleged- offendera defendant represented by an attorney need not be verified or accompanied by an affidavit.
RULE 6.400. CLERK TO PREPARE AND SEND REPORTS
Where When reports or forms are to be sent to the ©department, the clerk or traffic violations bureau shall prepare and send the reports or forms.
RULE 6.450, ORDER OF HEARING
(a) When Traffic Infraction Admitted. If it-is- admitteda defendant admits that the traffic infraction was committed, the official shall permit the offenderdefendant to offer a statement concerning the commission of the infraction. The official may examine the offenderdefendant and issuing officer concerning the infraction prior to making a determination as to the civil penalty to be imposed.
(b) Description of Procedure. Prior toBefore the commencement of a hearing the official shall briefly describe and explain the purposes and procedure of the hearing and the rights of the alleged offen-derdefendant.
(c) Defense. Thereafter tThe alleged of-fenderdefendant may offer sworn testimony and evidence and, after such testimony is offered, shall answer any questions-as may be asked by the official.
*463 (d) Additional Witnesses. If the testimony of additional witnesses is to be offered, the order in which saehthe witnesses shall testify shall be within the discretion of-determined by the official conducting the hearing. Any such witness shall be sworn and shall testify, and may then be questioned by the official, and thereafter may be questioned by the alleged offender-defendant or counsel.
(e) Further Examination. Upon the conclusion of such testimony and examination, the official may further examine or allow such examination as the official deems appropriate.
(f) Closing Statement. At the conclusion of all testimony and examination, the alleged offenderdefendant or counsel shall be permitted to make a statement in the nature of a closing argument.
(g) Failure to Appear at Contested Hearing. In any case wherein which a contested infraction hearing is held, and the offenderdefendant, who either has either asked for the contested hearing or has otherwise received proper notice of the hearing, fails to appear for the hearing, the official can proceed with the hearing, take testimonyi and, if it is determined that the infraction was committed, impose a penalty as if the offenderdefendant had attended the hearing. In the interests of justice, the court may vacate the judgment upon a showing of good cause by the offenderde-fendant.
RULE 6.455. AMENDMENTS
The charging instrumentdocument may be amended at any time prior tobefore the hearing, subject to the approval of the official. The official shall grant a continuance if suehthe amendment requires one in the interests of justice. No case shall be dismissed by reason of any informality or irregularity in the charging instrument.
Committee CommentsNotes
1988 Amendments. The revision deletes the word “may” and substitutes the word “shall.” This brings the rule in accord with due process.
RULE 6.460. EVIDENCE
(a) Applicable Rules. The rules of evidence applicable in all hearings for traffic infractions shall be the same as in civil cases, except to the extent inconsistent with these rules, and shall be liberally construed by the official hearing the case.
(b) Tape Recording of Hearing. Any party to a noncriminal traffic infraction may make a tape-recordingtape recording of the hearing. The provision and operation of the recording equipment shall be the responsibility of the alleged offenderde-fendant unless otherwise provided by the court. The original recording shall-kninedi-ately be delivered immediately after the hearing to the clerk at the end of the hearing^, who shall seal and file it. Such tape shall be transcribed for an appeal if ordered by the alleged-offenderdefendant. Transcription shall only be by an official court reporter at the alleged-offender’sde-fendant’s expense.
RULE 6.470. COSTS
(a) Hearing Required. In those cases wherein which a hearing is held to determine whether a traffic infraction was committed, court costs up4o-twenty-five dollar-sand surcharges as authorized by law may be assessed by the official against the ef-fenderdefendant in addition to the penalty imposed.
(b) No Hearing Required. WhereWhen no hearing is required or held and the effenderdefendant admits the commission of the offense by paying the penalty or receiving a withheld adjudication pursuant to-the provisions of section 318.14(9) or (10), Florida Statutes, costs and surcharges as provided by law or administrative order may be imposed, the folio wing-costs--may, if-author-ized-by- administrative order of the chief judge of the circuit,--be-deducted from, or in the case of section 318,14(9) or (10) elections, to be added to, the penalty or cests-by — the-traffic violations bureau or clerk’s office:
(l-)-Three-dollars for all violations of pedestrian regulations-under-section-316.130 and-violations of Chapter 316 by a bicyclist 14 years-of-age -or under;
(2) Six- dollars for all non-moving traffic infractions;-.and
*464 (3)- Ten dollars-for all moving infractions.
(c) The assessmente-for-Iaw-enforcement training established in section 943,25, Florida Statutes, shall be collected in addition to the civil penalty if there is a hearing, or, in addition-tQ-the-costs-^equired under- section 318.14(9)-and-flO), Florida Statutes.
(c) Election to Attend School. If an offendera defendant elects to attend a driver improvement school as provided in feule 6.330 of these Rules, the law enforcement education assessments shall be collected at the time the offenderdefendant appears before the traffic violations bureau to make his-or -herthe election.
Committee Note
1992 Amendment. The proposed amendment deletes reference to specific costs to avoid annual revision.
RULE 6.480. DEFERRED PAYMENT OF PENALTY IMPOSED
(a) Procedure. UponOn motion of the offenderdefendant or upon hison the official’s own motion, an official may allow a reasonable amount of time before requiring the payment of aany penalty imposed. If payment is not made after such extension or extensions, such action will be considered a failure to comply for purposes of section 318.15, Florida Statutes.
(b) Administrative Order to Clerk. In relation to elections under the provisions of section 3198.14(9) or (10), Florida Statutes, the clerk, under the authority of an administrative order, may allow a reasonable amount of time before requiring the payment of civil penalties or costs.
RULE 6.490. CORRECTION AND REDUCTION’OF PENALTY
(a) Correction of Penalty. An official may at any time correct an illegal penalty imposed-by-it.
(b) Reduction of Penalty. An official may reduce a legal penalty imposed by him
(1) within sixtygO days after suchits im-positionj-or;
(2) within sixtygO days after receipt by the official of a mandate issued by the appellate court upon affirmance of the judgment and/or penalty upon an original appealr-or¡
(3) within sixtygO days after receipt by the official of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or penalty¿ or7
(4) if further appellate review is sought in a higher court or in successively higher courts, then within sixtygO days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certio-rari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari.
RULE 6.510. DETERMINATION THAT INFRACTION WAS NOT COMMITTED; BOND REFUNDED
When it is determined that a personde-fendant did not commit an alleged traffic infraction and a bond has been posted, saehthe money or bonds shall be refunded.
RULE 6.530. IMPOSITION OF PENALTY BEFORE OR AFTER MOTION FILEDHEyiDENCE AT HEARING
The official in-hishas the discretion may-to impose the civil penalty either before or after the filing of a motion for new hearing or arrest of judgment.
RULE 6.540. TIME FOR AND METHOD OF MAKING MOTIONS; PROCEDURE
(a) Time. A motion for new hearing or in arrest of judgment, or both, may be made within tenlO days, or such greater time as the official may allow, not to exceed 30 days, after the finding of the official.
(b) Method. When the offenderdefen-dant has been found to have committed the infraction such athe motion may be dictated into the record, if a court reporter is present, and may be argued immediately after the finding of the official. The official may immediately rule upon the motion.
(c) Procedure. SuehThe motion may be in writing, filed with the clerk or violations bureauf — itand shall state the grounds on which it is based. When the official sets a *465 time for the hearing therefor, the clerk or bureau shall notify the counsel, if any, for the offenderdefendant or, if no attorney has been retained, the offenderdefendant.
Committee CommentsNotes
1988 Amendment;. The ©committee changed the time period to become uniform with Criminal Procedure Florida Rule of Criminal Procedure 3.590.
RULE 6.550. OFFICIAL MAY GRANT NEW HEARING
When, following a hearing, a determination has been made that the traffic infrac-, tion was committed, the official on motion of the offenderdefendant, or bison the official’s own motion, may grant a new hearing.
RULE 6.560. CONVICTION OF TRAFFIC INFRACTION
An admission or determination that a persondefendant has committed a traffic infraction shall constitute a conviction as that term is used in Cchapter 322, Florida Statutes, and section 943.25, Florida Statutes, unless adjudication is withheld by an official in those cases in which withholding of adjudication is not otherwise prohibited by statute or rule of procedure. Elections under section 318.14(9) or (10), Florida Statutes, wherewhen adjudication is withheld, shall not constitute convictions, but shall involve the collections of assessments pursuant to section 943.25, Florida Statutes.
RULE 6.570. REPORTING ACTION REQUIRING" SUSPENSION OF DRIVER LICENSE
Any noncompliance with the provisions of Cchapter 318, Florida Statutes, resulting in the suspension of a driver license shall be reported to the department within five5 days after an offender’s failure to comply on a form to be supplied by the department. Any noncompliance may be determined without the necessity of holding a hearing.
RULE 6.575. RETENTION OF CASE FILES
For the purpose of record retention pursuant to the General Records Schedule D-T 1, case files with an outstanding or unsatisfied D-6 shall be considered disposed of seve»7 years after the submission of the D-6 by the clerk to the ©department of Highway Safety and Motor Vehicles. If the clerk disposes of a file, the ©department shall be notified.
Committee CommentsNotes
1988 Amendment;. In light of a recent statutory change providing for the 8⅛6 year (rather than four!) renewal of drivers licenses, a corresponding change in records retention was deemed appropriate.
RULE 6.590. FAILURE TO COMPLETE DRIVERS SCHOOL; REINSTATEMENT OF DRIVER LICENSE
(a) Notice of Failure to Complete Course. In any case wherein which a per-sondefendant elects to attend driver⅛ school but fails to appear for or complete the course, a notice of failure to complete the course shall be sent to the department within 5 days after the failure to comp^ in order to comply with the requirements of section 318.15(1), Florida Statutes.
(b) Appearance After Notice Sent. If the persondefendant appears after notice has been sent but before the department has suspended the driver license, the department shall be notified on a form to be supplied by the department immediately after the civil penalty as provided in section 318.18, Florida Statutes, has been fulfilled.
(c) Reinstatement of License. If the persondefendant appears after the driver license has been suspendedi the offenderde-fendant must fulfill the civil penalty as provided in section 318.18, Florida Statutes, and may be required to agree again to attend a driver school. The persondefen-dant shall be given a form supplied by the department, certified by the official, to be taken to the nearest driver license examining station in order to have the driving privilege reinstated.
RULE 6.600. FAILURE TO APPEAR OR PAY CIVIL PENALTY; REINSTATEMENT OF DRIVER LICENSE
(a) Notice of Failure to Comply. In any case wherein which no mandatory hearing is required and the persondefen-dant has signed and accepted a citation but fails to pay the civil penalty or appear, *466 notice of such failure shall be sent to the department within 5 days after the failure to comply! in order to comply with the requirements of section 318.15(1), Florida Statutes.
(b) Appearance After Notice Sent. If the alleged offenderdefendant appears after the notice has been sent out but before the department has suspended the driver license, the civil penalty may be paid without a hearing or the alleged-offenderdefen-dant may agree to attend a hearing. The department shall be notified immediately on a form to be supplied by the department.
(c) Reinstatement of License. If the alleged — offenderdefendant appears after the driver license has been suspended, he-the defendant may pay the civil penalty, elect to attend a driver improvement school, or request a hearing. Any request for a hearing shall be made within a reasonable period of time after the commission of the alleged offense. If an election to attend a hearing is granted and it is determined that the infraction was committed, the offenderdefendant shall be subject to the penalty provisions of section 318.14(5), Florida Statutes. The persondefendant shall be given a form supplied by the department, certified by the official, to be taken to the nearest driver license examining station in-order to have the driving privilege reinstated.
Committee CommentsNotes
1988 Amendment;. It was thought that an alleged offender defendant who fails to appear until after his or her driver license has been suspended (which could be years later) should not be allowed to elect a hearing in those cases where the state has been prejudiced by the passage of time.
RULE 6.610. FAILURE TO FULFILL PENALTY IMPOSED AFTER A HEARING; REINSTATEMENT OF DRIVER LICENSE
(a)Notice of Failure to Comply. In any case wherein which a hearing is held, if it is determined that the infraction was committed and a penalty is imposed but the penalty is not fulfilled, notice of such failure shall be sent to the department within 5 days after the failure to comply! in order to comply with the requirements of section 318.15(1), Florida Statutes.
(b) Appearance After Notice Sent. If the persondefendant appears after notice has been sent but before the department has suspended the driver license! the department shall be notified on a form to be supplied by the department after the penalty imposed has been fulfilled.
(c) Reinstatement of License. If the persondefendant appears after the driver license has been suspended! the offenderde-fendant must fulfill the penalty and, if it is not a part of the penalty originally imposed, may be required to agree to attend a driver school if available. The personde-fendant shall be given a form supplied by the department, certified by the official, to be taken to the nearest driver license examining station in-order to have the driving privilege reinstated.
RULE 6.620. FAILURE TO APPEAR FOR MANDATORY HEARING; REINSTATEMENT OF DRIVER LICENSE
(a) Notice of Failure to Appear. In any case wherein which a mandatory hearing is required and the persondefendant fails to appear, notice of such failure to appear shall be sent to the department within 5 days after the failure to comply! ⅛ order to comply with the requirements of section 318.15(1), Florida Statutes.
(b) Appearance After Notice Sent. If the persondefendant appears after notice has been sen^ the department shall be notified immediately on a form to be supplied by the department and a hearing shall be held to determine whether the infraction was committed.
(c) Reinstatement of License. If the porsonlsdefendant’s driver license has been suspended by the department and, after a hearing, it is found that the infraction was committed, the official may require that driver⅛ school, if available, be attended as part of the penalty. The persondefendant shall be given a form supplied by the department, certified by the official, to be taken to the nearest driver license examin *467 ing station in-order to have the driving privilege reinstated.
RULE 6.630. CIVIL TRAFFIC INFRACTION HEARING OFFICER PROGRAM; TRAFFIC MAGISTRATES (TRANSITION RULE)
Effective October 1, 1989, pursuant to the authority of Aarticle V, Ssection 1, Florida Constitution, and Cchapter 89-337, Laws of Florida, a civil traffic infractions hearing officer program is authorized. Pursuant to the authority of Cchapter 89-337, Laws of Florida, and Aarticle V, Ssection 2, Florida Constitution, this Ccourt adopts the following rules and procedure for the pilot Civil Traffic Infraction Hearing Officer Program designed to test the feasibility of establishing a statewide program:
(a) Eligibility of County. Any county in which the civil traffic infraction caseload for the immediately preceding calendar year was in excess of 15,000 hearings shall be eligible to participate in the pilot Civil Traffic Infraction Hearing Officer Program.
(b) Participation. Any county electing to participate in the program shall be subject to the supervision of this Ccourt and shall assist in the feasibility study. The decision on whether to participate shall be made by the chief judge.
(c) Appointment of Magistrates. The appointment of such hearing officers, to be designated “traffic magistrates,” shall be made by the chief judge, after consultation with the county judges in the county affected, and shall be approved by the Cchief Jjustice. Once approval has been granted by the Cchief Jjustice, the traffic magistrates shall serve at the will of the chief judge.
(d) Jurisdiction. Traffic magistrates shall have the power to accept pleas from offendersdefendants, decide whether an alleged offendera defendant has committed an infraction, and adjudicate or withhold adjudication in the same manner as a county court judge. However, a traffic magistrate shall not:
(1)Hhave the power to hold any person in contempt of court, but shall be permitted to file a verified motion for order of contempt with an appropriate state trial court judge pursuant to Florida Rule of Criminal Procedure 3.840;
(2) Shear a case involving an accident resulting in injury or property damage; or
(3) Shear a criminal traffic offense case or a case involving a civil traffic infraction issued in conjunction with a criminal traffic offense.
(e) Appeals. Appeals from decisions of a traffic magistrate shall be to circuit court pursuant to the relevant provisions of the Florida Rules of Appellate Procedure in the same manner as appeals from the county court, except that traffic magistrates shall not have the power to certify questions to district courts of appeal. The appellant shall be responsible for producing the record for such appeal.
(f) Membership in The Florida Bar. A traffic magistrate shall be a member in good standing of tThe Florida Bar.
(g) Training. Traffic magistrates shall be required to complete training approved by the Ssupreme Ccourt.
(h) Hours. Traffic magistrates may serve either full time or part time at the discretion of the chief judge.
(i) Code of Judicial Conduct. All traffic magistrates shall be subject to the Code of Judicial Conduct in the same manner as part-time judges, except that they shall be exempt from Canon 6B and C and the first portion of provision A(2) of the Ccompliance section of the Geode, which prohibits a part-time judge from practicing in the court on which hethe judge serves or in any court subject to the appellate jurisdiction of the court on which hethe judge serves. Whether full-time or part:time, traffic magistrates shall be prohibited from representing clients or practicing before any official in any county court traffic matter or from representing any client appealing any county court traffic decision.
(j) Implementation of Program. In any county electing to establish a pilot program^ the chief judge shall develop a plan for its implementation and shall sub *468 mit the plan to the Office of the State Courts Administrator. Funds for the pilot program are to be used for hearing officer program salaries, provided that the traffic magistrates shall be paid no more than $20 per hour, and other necessary expenses, such as training, office rental, furniture, and administrative staff salaries. Any county electing to establish a pilot program shall provide the funds necessary to operate the program.
(k) Robes. Traffic magistrates shall not wear robes.
(l) Evaluation of Program. The evaluation of the pilot project shall be conducted by the Office of ttie State Courts Administrator. All court-related personnel involved in the program shall assist in the feasibility study.
(m) Concurrent Jurisdiction. A county judge may exercise concurrent jurisdiction with a traffic magistrate.
(n) Assignment to County Judge. On request of the defendant, contained in a notice of appearance or written plea, the case shall be assigned to a county judge regularly assigned to hear traffic matters.
Committee CommentsNotes
1990 Adoption;. The rule attempts to incorporate relevant provisions of Gchapter 89-337, Laws of Florida, with minor modifications.
The provision in subsectionsubdivision (c) that the traffic magistrate shall serve at the will of the chief judge is implicit in Gchapter 89-337, and is believed to be a good policy sineebecause it makes irrelevant consideration of the necessity of any involvement by the Judicial Qualifications Commission.
[(d)(1)] See Committee Note concerning Rrule 6.080.
In relation to subsectionsubdivision (e) on appeals, the subcommittee believes that the addition of the language on the certifications to district courts, while making an obvious point, would avoid any possible confusion. It was also the concensus that there would be no need to recommend amendments to the Florida Rules of Appellate Procedure sineebecause Rrules 9.030(b)(4)(A) and 9.030(c)(1)(A) of those rules would appear to cover the matter adequately without further amendment.
Subsectionsubdivision (g) goes into less detail concerning the actual length of training (40 hours preservice/10 hours continuing) required by Gchapter 89-337. A special plan for such training will be provided separately, including a recommendation for the waiver of such training for recently retired county court judges.
This rule expands the statutory prohibition of Gchapter 89-337, section 7, which prohibits traffic magistrates from practicing before other civil traffic magistrates and handling traffic appeals. The Gcom-mittee expressed concern that a limited prohibition extending only to practice before other magistrates might be read as condoning magistrate practice in traffic cases in front of county court judges. Given the contemplated relationship between county court judges and magistrates in education, training^ and professional duties, such practice would give the appearance of conflict and should be prohibited.
In relation to subsectionsubdivision (k), it was the opinion of the subcommittee that the wearing of robes might lead to confusion and interfere with the informal setting of the hearings.
1990 Amendment;. Amendment of Ssection 318.30 (Fla,Stat,1990), Florida Statutes (1990), reduced the case load requirement from 20,000 to 15,000 for purposes of allowing a county’s participation in the Civil Traffic Infraction Hearing Officer Program. This amendment is necessary to conform the Rrule to the provisions of amended statute.